# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDAR Y. ROGLER | * | |
| MARGARETTE B. ROGLER, MD | | |
| Plaintiffs | * | |
| v | * | Civil Action No. JFM-11-210 |
| ANNE ARUNDEL COUNTY | * | |
| GARY M. ELSON | | |
| PHILIP GOODMAN | * | |
| DIANE ROGLER-GOODMAN | | |
| CARL W. BUCHEISTER | * | |
| HON. PAUL F. HARRIS, JR. | | |
| HON. NANCY DAVIS-LOOMIS | * | |
| HON. RONALD A. SILKWORHTH, JR. | | |
| JOHN DOES 1-100 | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

Plaintiffs pro se Edar Rogler and Margarette Rogler[1] bring this complaint pursuant to 18 U.S.C. § 1961[2] and 42 U.S.C. §§ 1981, 1983 and 1988 and the Americans with Disabilities Act, alleging age and mental health discrimination against defendants Anne Arundel County, Gary Elson, Esq, Philip Goodman, Diane Rogler-Goodman, and Carl Buchheister, Esq. Additionally, they name Anne Arundel County Circuit Court judges, the Honorable Paul F. Harris, Jr, the Honorable Nancy Davis-Loomis, and the Honorable Ronald A. Silkworth, Jr. as defendants [3]

---

[1] Plaintiffs are mother and daughter. The mother, Margarette Rogler, is eighty-six years old and hearing impaired. Complaint, ¶ 1. It is unclear whether Margarette Rogler had the legal capacity to convey power of attorney to her daughter Edar Rogler to act on her behalf in this matter. Exhibit 1. The court accepts the power of attorney for the limited purpose of considering whether the court has jurisdiction over this complaint.

[2] Plaintiffs have no standing to bring criminal charges in federal court. Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

[3] Plaintiffs do not identify defendants "John Does 1-100" or raise any claims against them in the complaint.

Plaintiffs invoke jurisdiction pursuant to 28 U.S.C. 1331, 1343(3)[4] and (4) and 2001. After careful consideration of the complaint and exhibits, the court will dismiss the case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

### I. Background

Plaintiffs allege that defendants challenge the legality of proceedings in the Circuit Court for Anne Arundel County *In the Matter of Margarette B. Rogler*, 02-T-09-09-2510. The gravamen of the complaint is that Gary Elson, a court-appointed guardian for Dr. Rogler, was deficient and his appointment reflects a secretive, conspiratorial practice in Anne Arundel County Circuit Court for appointing improperly qualified guardians. They assert that defendants acted under the color of state law to deprive them of due process and equal protection.

The complaint and exhibits identify defendants as follows. Gary Elson, Esq. is Margarette Rogler's court-appointed guardian. Complaint, ¶ 16. Philip Goodman and Diane Rogler-Goodman appear to be relatives of Margarette Rogler, and are represented by Carl Bucheister, Esq. Diane Rogler-Goodman filed the guardianship petition for Dr. Roger. *See id.* ¶ 17. Judge Harris appointed Elson as Dr. Rogler's attorney. *See id.* Plaintiffs fault Judges Silkworth and Davis-Loomis for failing to dismiss the allegedly deficient guardianship petition. *See id.* Plaintiffs allege that Judge Harris has known Elson for thirty years and refuses to examine his conduct as a court-appointed attorney. *See id*, ¶ 18.

On January 25, 2010, Judge Harris appointed Elson to be Dr. Rogler's temporary guardian. Plaintiffs allege that Elson breached his fiduciary duties by allowing Dr. Rogler's medical licenses to expire by failing to pay renewal fees, selling her truck in a private sale for less than fair market value, failings to pay mortgage and credit card bills, disconnecting a

---

[4] The court assumes that plaintiffs intended to cite to 28 U.S.C. §§ 1331, 1343(3) and 1343(4) to invoke jurisdiction.

telephone, and preventing communication and visitation between plaintiffs. Further, they allege that Elson failed to arrange for Dr. Rogler's assistive devices for the hearing impaired at a March 3, 2010 hearing. Plaintiffs specifically allege that Elson, Goodman and Buchheister are conspiring against them. Complaint, ¶¶ 21 and 22.

## II. Discussion

Plaintiffs' claims are inextricably intertwined with the adjudications of the state court in the underlying guardianship case. Relief can only be granted in the instant matter if this court were to conclude that state court rulings were improper. As such, consideration of this matter is barred by the Rooker-Feldman doctrine. Although plaintiffs purport to raise equal protection, due process, and discrimination claims, citing to Title 42 U.S.C. §§ 1981, 1985, 1981, they are essentially attempting to collaterally attack state court guardianship orders. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), the Supreme Court formulated a general rule which distinguishes general constitutional challenges to state laws and regulations over which federal courts have jurisdiction from requests for review of specific state court decisions over which they have no jurisdiction. Federal claims which are "inextricably intertwined with" state court decisions in judicial proceedings fall outside of the federal court's jurisdiction. *See Feldman*, 460 U.S. at 486-87. The *Rooker-Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284; *see also Lance v. Dennis*, 546 U.S. 459, 460 (2006); *Davani v. Virginia Department of Transportation*, 434 F. 3d 712 (2006).

3

Consideration of plaintiffs' claims claims would require the court to reconsider prior state court decisions, including orders and judgments concerning competency and guardianship. As Plaintiff's claims are "inextricably intertwined" with decisions of Maryland state courts, the court lacks subject matter jurisdiction of these claims under *Rooker-Feldman*. Moreover, even if this matter were properly within the court's jurisdiction, which it is not, summary dismissal would be appropriate on other grounds.

First, in order to state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants Elson, Philip Goodman, and Diane Rogler-Goodman, and Carl Buchheister are private citizens, not state actors. *See Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980) (court-appointed attorney). Purely private conduct is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Company*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721(1961).

Secondly, judges are absolutely immune from liability for damages arising out of their judicial actions. *See Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985); *Stump v. Sparkman*, 435 U.S. 349 (1978). Although the Supreme Court of the United States has held that judicial immunity does not extend to injunctive relief, *Pulliam v. Allen*, 466 U.S. 522, 536-543 (1984), Congress amended § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Based on this amendment, courts have held that § 1983 limits the type of relief available to plaintiffs who sue

4

judicial officers to declaratory relief. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir.2000); *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003). In addition, any § 1983 claims against Gary Elson, insofar as they involve alleged wrongful actions as a court-appointed guardian occurring "within the judicial process," are barred by the doctrine of quasi-judicial immunity under *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir.1994).

III. Conclusion

Accordingly, absent of either federal question or diversity jurisdiction (which is neither asserted nor suggested here), the court will dismiss the complaint without prejudice and without issuance and service of process, notwithstanding plaintiffs' payment of the filing fee. *See Fitzgerald v. First East Seventh Street Tenants Corporation*, 221 F.3d 362, 363-64 (2d Cir.2000) ("District courts ... are ... capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). A separate order follows.

| February 15, 2011 | /s/ |
|---|---|
| Date | J. Frederick Motz |
| | United States District Judge |